Henry S. CAVAZOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–94–193–CR.

Court of Appeals of Texas, Corpus Christi.

June 22, 1995.

Rehearing Overruled Sept. 14, 1995.

---

Juan A. Guerra, Raymondville, for appellant.

Gustavo Ch. Garza, Dist. County Atty., Raymondville, for appellee.

## OPINION

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

SEERDEN, Chief Justice.

A jury found appellant guilty of robbery, and the trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years in prison. We affirm.

Viewed most favorably to the verdict, the evidence shows that shortly after 2:00 a.m. on June 1, 1993, appellant and three other persons (Martin Mendoza, Gloria Garcia, and Sylvia Longoria) went into a Raymondville convenience store, took beer, and made some threatening statements and gestures, thereby placing Frank Sanchez, the clerk, in fear of imminent bodily injury. When the intruders left, Sanchez called the police. Less than two hours later, appellant and his companions returned to take more beer. Sanchez again called the police. Then, shortly after 5:00 a.m., appellant and one companion returned a third time. This time, a police car pulled in behind appellant. Appellant came into the store and told Sanchez he wanted $10.00 of gas, had only $1.00, and offered to pay the other $9.00 the next day. Sanchez refused this offer. Appellant was arrested outside the store.

Although appellant did not testify, his defensive theory was that he committed no offense or, at most, theft. Appellant's counsel questioned witnesses regarding what he calls a "local custom" whereby customers could acquire beer after hours, with the consent of the store's employees, and pay later. In this regard, appellant introduced evidence through the store's employees to show that the store had an inventory loss problem and that some employees were fired for selling beer after hours. Appellant also called a couple of witnesses to testify that they had purchased beer after hours at the store. None of these witnesses testified, however, that one could take beer after hours and pay later.

In point one, appellant claims that in closing argument the prosecutor impermissibly commented on his failure to testify. A prosecutor may not ask the jury to treat a

defendant's silence as substantive evidence of guilt. *United States v. Robinson,* 485 U.S. 25, 32, 108 S.Ct. 864, 868–869, 99 L.Ed.2d 23 (1988). For there to be reversible error because of an allusion to or comment on the failure of an accused to testify in his own behalf, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to such failure to testify must be a necessary one. *Koller v. State,* 518 S.W.2d 373, 375 (Tex.Crim.App.1975). But, the prosecutor may fairly respond to arguments of the defendant's counsel so that "a reference to the defendant's failure to take the witness stand may, in context, be perfectly proper." *Robinson,* 485 U.S. at 33 n. 5, 108 S.Ct. at 869 n. 5. The State claims that the prosecutor's complained-of remarks were both invited by appellant's counsel and proper. We agree with the State.

■ Before the prosecutor made the complained-of remarks set out below, appellant's counsel argued that appellant "assumed" there was no problem in taking beer or "felt" that somebody consented to the taking. The prosecutor responded:

Well, along those lines, folks, the defense tells you that his client really felt that he was going to come back and pay [for the stolen beer].

You heard [defense counsel] say that. And I'm not going to paraphrase it exactly—and I can't quote it for you—because I can't make sense with a lot of the things that he said, but the idea that was projected to you, was, [appellant] here really wanted to come back and pay. [Defense counsel] tells you that.

But the Judge's charge tells you on Page 3, folks,—and I will read it to you: "Our law provides that the defendant may testify in his own behalf, if he elects to do so." Well, you know that he elected not to do so. And the Court tells you, do not consider that. And I want you to do that. Don't consider the fact that he did not testify. But, by God, don't consider [defense counsel's] comments about what he felt. Don't do that. It's like the boy who wants a cookie but also wants some cake to eat with it, too.

In the complained-of remarks, the prosecutor asked the jurors to ignore defense counsel's argument about appellant's feelings and instructed the jurors not to consider appellant's failure to testify. The prosecutor never suggested that the jury should consider appellant's failure to testify as evidence of guilt. Thus, the remarks were not impermissible.

Moreover, as defense counsel mentioned how appellant felt and what he assumed during the offense, as appellant had not testified, and as there was no other evidence to show how appellant felt or what appellant "assumed," the prosecutor was justified in responding to defense counsel's argument by pointing out that appellant had not testified. No error occurred. Appellant's first point is overruled.

Appellant's second point of error, which we quote, alleges:

The trial court erred in not allowing the testimony of various witnesses such as the State's intimidation of a witness that would have shown the habit of the victim and the refusal to include the complete statement of a witness, thereby denying Appellant a fair trial in violation of Art. 1, Sec. 10 of the Texas Constitution on compulsory attendance of witnesses. In truth and in fact, the State had used hearsay statements and then refused to allow the jury to see the written statements from where the hearsay statements were given. The court further refused to allow the defense to put in evidence to prove the habit of the victim.

This point is difficult to understand, but we have carefully reviewed appellant's accompanying argument wherein appellant claims that the trial court intimidated his witness Nancy Jiminez and refused to permit her to testify about the selling of beer after hours or the giving of beer on credit at the convenience store. Appellant then asserts that the trial court refused to permit him to call witnesses to establish the store's habit of illegally selling beer after hours.

The record shows that appellant called eighteen-year-old Nancy Jiminez and asked her if she could testify about an incident

when she bought beer after hours at the convenience store. The prosecutor requested the trial court to instruct her that, as a minor, she might be incriminating herself by answering the question. The trial court instructed Jiminez as such, and she then testified that she was arrested for buying beer after hours at the store. She did not testify when or from which clerk she bought the beer. When appellant asked Jiminez "how was it that they found out that you had beer," the State objected on relevancy grounds. The trial court sustained the objection and then, *sua sponte*, ruled that it would not allow anyone else to testify that they were arrested for buying beer after hours.[1]

■■■ With regard to appellant's first complaint that the trial court intimidated Jiminez, we find no reversible error. Appellant never objected at trial on this ground, and therefore he has not preserved his appellate complaint for review. A point of error is not preserved when the argument on appeal differs from the objection raised in the trial court. *Carrillo v. State*, 591 S.W.2d 876, 892 (Tex.Crim.App.1979). Failure to object at trial waives error, if any. *Esquivel v. State*, 595 S.W.2d 516, 522 (Tex.Crim.App.1980); *see* Tex.R.App.P. 52(a). As appellant never objected, this contention is not preserved for review.

■■■ With regard to the trial court's ruling regarding Jiminez's testimony or anyone else who was arrested for buying beer after hours, we find no error. In order for a complaint concerning the exclusion of evidence to be considered by an appellate court, the record must show what the excluded testimony would have been. *Stewart v. State*, 686 S.W.2d 118, 122 (Tex.Crim.App. 1984). Absent a showing, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review. *Id.* Appellant did not show what the excluded testimony would have been. Moreover, appellant did not proffer any evidence to tie Jiminez's or anybody's conduct of buying beer after hours to his defensive

theory that one could take beer from the store and pay later. Appellant has not shown that the trial court erred.

Appellant further complains under point two and in point three that the trial court erred in allowing Detective Rolando Zamora to testify about statements made to him by Gloria Garcia and Sylvia Longoria and in refusing to admit their written statements into evidence. Both women were arrested for the robbery and gave written statements to Officer Zamora following the offense.

Officer Zamora was the State's first witness. He testified on direct that he investigated the offense and took a statement from the victim. Without objection, he testified that he also investigated two other suspects and took written statements from them. Zamora did not testify at that time about the content of their statements.

During his cross-examination of Zamora, appellant asked how Zamora arrived at the conclusion that a robbery had occurred. Zamora said he spoke to the victim, Sanchez. On redirect, the State asked Zamora if he had other information which led him to the conclusion that a robbery had occurred. Zamora answered without objection, "Just the statement and the confession of the two suspects." When the prosecutor asked Zamora to "tell us about the statement of the other individuals," appellant objected on hearsay grounds. The trial court ruled Zamora could generally, but not specifically, state what he learned from Garcia. Zamora answered on re-direct that the four planned to take beer from the store. He then testified over objection that he learned from the women that the four of them (appellant, Martin Mendoza, and the two women) planned to go to the Coastal Mart and take some beer.

■■■ With regard to appellant's hearsay contention, we find no error because we find the same information was admitted elsewhere during trial without objection. Gloria Garcia, a defense witness, testified that on the way to the store, she heard appellant and Martin Mendoza talking about taking beer.

---

1. One witness, Adia Duran, later testified that she bought beer at the store after hours. Earlier, witness Gloria Torres testified that she and "a lot" of people would buy beer at the store after hours.

Garcia also testified that she told the police appellant and Mendoza went and stole beer from the store. Without objection, Longoria, a State's witness, testified that she heard appellant and Mendoza talking about getting beer from the store, and she knew they were not going to pay for it. She also gave such a statement to the police.

▮▮▮ Objection is required every time inadmissible evidence is presented, and error in allowing inadmissible evidence is cured when the evidence comes in without objection elsewhere at trial. *Johnson v. State*, 803 S.W.2d 272, 290 (Tex.Crim.App.1990). If a fact to which objected-to hearsay relates is sufficiently proven by other competent and unobjected to evidence, the admission of the hearsay is properly deemed harmless and does not constitute reversible error. *Livingston v. State*, 739 S.W.2d 311, 333 (Tex.Crim. App.1987). The facts to which the complained-of hearsay related were admitted through the testimony of Longoria and Garcia. Moreover, appellant invited Zamora's testimony by asking him what led to his conclusion that a robbery had occurred. No reversible error occurred.

▮▮▮ Appellant further asserts that the trial court would not permit him to introduce the entire statements of the women. We disagree. The record at trial shows appellant telling the court that he desired to introduce Garcia's written statement. The State responded that it had no objection but that appellant's counsel had not yet followed the proper method of introducing the statement. Appellant's counsel then asked if the State was objecting. The court responded, "He's objecting to the admissibility of it in the manner in which you're going about it. Not the admissibility, of the validity of the statement itself. Can we move along?" Appellant's counsel then stated that he had no more questions.

We find no error. Appellant's counsel never had the witness identify her statement and never attempted to offer the statement even when given the chance. Appellant's second and third points are overruled.

In point four, appellant contends the trial court erred by refusing to charge the jury on the lesser included offense of theft. The indictment alleged that appellant, in the course of committing theft, and with the intent to obtain and maintain control of property to be stolen, intentionally and knowingly threatened and placed Frank Sanchez in fear of imminent bodily injury. Appellant asserts that he was entitled to an instruction on the lesser included offense of theft.

▮▮▮ Before an instruction on a lesser included offense is warranted, the following two prongs must be satisfied: 1) the lesser included offense must be included within the proof necessary to establish the offense charged, and 2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App. 1994). While a jury may selectively believe all or part of the evidence at trial, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser offense is warranted. *Bignall*, 887 S.W.2d at 24.

▮▮▮ In the present case, the State asserts that a theft charge was not necessary because it did not rely on a completed theft to prove its case and because no evidence concerning the value of the property actually stolen was ever introduced at trial. We agree that no evidence was ever presented to show the value of the property taken and thus a theft instruction was not supported by the facts developed. Furthermore, and equally important, no evidence was affirmatively introduced that appellant and his accomplices did not threaten the clerk with imminent bodily injury. The evidence supporting the robbery allegations was that Mendoza, the accomplice, threatened the store's clerk orally and placed his hand in his clothing in a furtive manner. While Longoria and Garcia testified that they never saw appellant or Mendoza threaten anyone, their testimony shows that they were not present with the men during the entire episode. As such, their testimony does not show affirmatively that no threats were made. For the

above reasons, a theft charge was not warranted. Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.