**Billy NATIONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 561–95.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 25, 1996.

David Botsford, Terrence W. Kirk, Austin, for appellant.

Carl Bryan Case, Jr., Asst. Dist. Atty., Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted appellant of aggravated sexual assault and assessed his punishment at confinement for 30 years. The conviction was affirmed. *Nations v. State*, 894 S.W.2d 480 (Tex.App.—Austin, 1995).

On direct appeal, appellant maintained the trial court erred by excluding the testimony of an expert witness. Appellant's proffered expert testimony concerned the reliability of eyewitness identification. The Court of Appeals upheld the trial court's decision to exclude the testimony and stated:

> Appellant urges that in the instant cause, unlike *Rousseau* [*v. State*, 855 S.W.2d 666 (Tex.Crim.App.1993)] and *Pierce* [*v. State*, 777 S.W.2d 399 (Tex.Crim.App.1989)], appellant's questions embodied hypothetical facts that fit this cause. While this was one of the factors mentioned in *Pierce* and *Rousseau*, we hold that the trial court did

not abuse its discretion in excluding the proffered expert testimony in the instant cause. The jury was amply qualified to make a determination of the reliability of the victim's identification of appellant in light of extensive cross-examination of the victim and the jury's inherent knowledge of memory and its effect on perception. *Id.* at 485.

Appellant challenges the Court of Appeals' disposition of his point of error concerning admissibility of expert testimony on the issue of eyewitness identification. At the time of its opinion, the Court of Appeals did not have the benefit of our decision in *Jordan v. State,* 928 S.W.2d 550 (Tex.Cr.App.1996). There, we wrote extensively on the Tex.R.Crim. Evid. 702 "fit" requirement and whether expert testimony similar to that offered in the instant cause is excludable on the basis the subject matter is within the common knowledge of jurors.

We find the Court of Appeals should be afforded an opportunity to reconsider appellant's complaint in light of our opinion in *Jordan,* supra. Accordingly, the judgment of the Court of Appeals is vacated and the cause is remanded to that court to address appellant's first point of error in accord with *Jordan,* supra.

McCORMICK, P.J., and KELLER, J., dissent.

WHITE, J., not participating.