TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00082-CR







Dino Baiza, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-247, HONORABLE JACK ROBISON, JUDGE PRESIDING






 On November 30, 1998, appellant Dino Baiza pleaded guilty to aggravated robbery
with a deadly weapon. See Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). A jury found him
guilty and assessed punishment at confinement for seventy-seven years, a $10,000 fine, and
$7,000 in restitution. In a single issue on appeal, appellant contends that he is entitled to reversal
of the judgment because the State commented on his failure to testify at the punishment phase of
trial. We overrule appellant's issue and affirm the trial court's judgment. 

 Because appellant pleaded guilty, we will summarize the facts surrounding the
offense only as needed to provide a context for the analysis of the alleged punishment-phase error. 
On August 2, 1997, appellant entered the Hunting Camp, a business establishment in New
Braunfels, Texas owned by Mike Kivlin. Appellant shot Kivlin once in the head with a .22
caliber weapon and stole over thirty weapons, including semi-automatic pistols, from a glass case
in the store. Kivlin survived the shooting but suffered severe and permanent injuries, including
the loss of one eye.

 At the punishment phase of trial, appellant stipulated to the evidence and elected
not to testify on his own behalf. In closing argument, appellant's counsel argued for a probated
sentence and urged the jury to consider "everything," including appellant's lack of recollection
of the crime due to a "drug stupor." The prosecutor objected that there was no evidence to
support counsel's argument and asked that the jury be so instructed. The judge sustained the
prosecutor's objection to counsel's statements and gave a curative instruction to the jury. 
Thereafter, appellant's counsel stated that appellant pleaded guilty because he was "convinced"
by the evidence and repeated that appellant had no "independent recollection" of the underlying
crime. 

 In rebuttal argument, the prosecutor responded to counsel's assertion that appellant
had no memory of the events of August 2, 1997 because appellant was in a "drug stupor" by
stating:

 

 This is not about somebody with a pen knife on drugs. There is absolutely
no evidence, and you--generally ladies and gentleman, I do not have the ability to
comment upon a Defendant's silence because he has that right, and that charge is
in the charge for you, but I do have the opportunity to respond to Defense
counsel's argument. He's had the opportunity, if he wanted to, to get on that stand
and tell you that he doesn't remember. You are required to base your decision
only upon what you heard from that witness stand and not on something that you
think the Defendant might have told his counsel. But in that regard you're not
dealing with somebody that is drunk or high and has a pen knife and wants to
replace his pay check. He's stealing 30 some odd guns, several of which are
probably--one of which we know is in the hands of other criminals, and in so doing
he shoots a man in the head. Not only does he shoot him in the head, ladies and
gentlemen, that is a cowardly back shooter. Shoots him from behind. I submit to
you the reason--when those witnesses drove up and he didn't shoot Mr. Kivlin again
it's because he knew that he would have to look him in the eye, and he can't do it.


(Emphasis added.)

 Appellant did not object to the prosecutor's comment at trial. Appellant
subsequently filed a motion for a new trial in which he argued that the State impermissibly
commented on his failure to testify. The district court denied appellant's motion for a new trial. 

 If counsel makes an improper statement in argument, opposing counsel must object
to the remark at the time it is made in order to avoid waiving error associated with the remark. 
See Tex. R. App. P. 33.1(a)(1); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996);
Cardona v. State, 973 S.W.2d 412, 418 (Tex. App.--Austin 1998, no pet.). In the absence of an
objection by appellant to a comment by the prosecutor on appellant's failure to testify, nothing is
presented for review. See Nations v. State, 894 S.W.2d 480, 487 (Tex. App.--Austin 1995),
vacated and remanded on other grounds, 930 S.W.2d 98 (Tex. Crim. App. 1996). 

 Even if appellant had properly objected and pursued his objection to an adverse
ruling at trial, the state's comment was invited by appellant's earlier argument and, as such, does
not constitute reversible error. See Nethery v. State, 692 S.W.2d 686, 703 (Tex. Crim. App.
1985); Cavazos v. State, 904 S.W.2d 744, 747 (Tex. App.--Corpus Christi 1995, pet. ref'd). 

 Appellant acknowledges that the complained-of remarks may have been invited but
argues that the State's objection to appellant's improper comments and subsequent curative
instruction waived any invitation. We do not need to consider this argument because even after
the district court sustained the State's objection and issued a curative instruction to the jury,
counsel again commented on appellant's lack of memory of the crime.

 Appellant also contends that the State exceeded the scope of the invitation "by
incorporating the appellant's decision not to testify into its theory-of-the-case construct." 
According to appellant, the State theorized that appellant's failure to testify was consistent with
his failure to look the victim in the eye as he shot him. In the complained-of remarks, the
prosecutor asked the jurors to ignore defense counsel's argument about appellant's memory and
instructed the jurors to base their decision on evidence they heard from the witness stand. Thus,
the remarks did not exceed the scope of the invitation issued by appellant. 

 Accordingly, appellant's issue is overruled. We affirm the judgment of the district
court.



 

 Jan Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: October 7, 1999

Do Not Publish

 



 of recollection
of the crime due to a "drug stupor." The prosecutor objected that there was no evidence to
support counsel's argument and asked that the jury be so instructed. The judge sustained the
prosecutor's objection to counsel's statements and gave a curative instruction to the jury. 
Thereafter, appellant's counsel stated that appellant pleaded guilty because he was "convinced"
by the evidence and repeated that appellant had no "independent recollection" of the underlying
crime. 

 In rebuttal argument, the prosecutor responded to counsel's assertion that appellant
had no memory of the events of August 2, 1997 because appellant was in a "drug stupor" by
stating:

 

 This is not about somebody with a pen knife on drugs. There is absolutely
no evidence, and you--generally ladies and gentleman, I do not have the ability to
comment upon a Defendant's silence because he has that right, and that charge is
in the charge for you, but I do have the opportunity to respond to Defense
counsel's argument. He's had the opportunity, if he wanted to, to get on that stand
and tell you that he doesn't remember. You are required to base your decision
only upon what you heard from that witness stand and not on something that you
think the Defendant might have told his counsel. But in that regard you're not
dealing with somebody that is drunk or high and has a pen knife and wants to
replace his pay check. He's stealing 30 some odd guns, several of which are
probably--one of which we know is in the hands of other criminals, and in so doing
he shoots a man in the head. Not only does he shoot him in the head, ladies and
gentlemen, that is a cowardly back shooter. Shoots him from behind. I submit to
you the reason--when those witnesses drove up and he didn't shoot Mr. Kivlin again
it's because he knew that he would have to look him in the eye, and he can't do it.


(Emphasis added.)

 Appellant did not object to the prosecutor's comment at trial. Appellant
subsequently filed a motion for a new trial in which he argued that the State impermissibly
commented on his failure to testify. The district court denied appe