TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00166-CR






Richard Shelvin, III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 98-808-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 A jury found appellant Richard Shelvin, III guilty of possession of cocaine and
assessed punishment at fourteen years in prison. See Tex. Health & Safety Code Ann. § 481.115
(West Supp. 2000). Appellant raises twenty-three points of error contending that the trial court
erred by allowing (1) appellant's pretrial services officer to testify about comments appellant made
to him; and (2) improper jury argument. We will affirm the judgment.


FACTS


 On July 29, 1998, at 1:45 in the morning, Florence Police Sergeant Shawn Bonnet
was patrolling highway 195. He saw appellant driving a car in the opposite direction without a
rear-license-plate light. Sergeant Bonnet turned his police car around and stopped appellant for
the traffic violation. As Sergeant Bonnet asked appellant for his driver's license, he noticed the
smell of beer coming from inside the car and saw a twelve-pack of beer on the back seat. Because
of the odor, Sergeant Bonnet thought appellant might be intoxicated and asked him to get out of
the car. At the back of the car, appellant told Sergeant Bonnet that he had had two beers. Bonnet
read appellant the Miranda warnings and then conducted field sobriety tests. Appellant failed the
tests and Sergeant Bonnet arrested him for driving while intoxicated. Sergeant Bonnet also
arrested appellant's passenger, Pamela Wiseman, for public intoxication. Before impounding the
car, Sergeant Bonnet inventoried the contents of the car and behind the driver's-side sun visor he
found a cookie of cocaine inside a plastic bag. Later, it was determined that the cookie weighed
24.16 grams. Sergeant Bonnet also found on appellant's person $364 in different denominations.

 Appellant was placed in jail and charged with possession of cocaine with the intent
to deliver. See Tex. Health & Safety Code Ann. § 481.112 (West Supp. 2000). He was released
on pretrial bond. Conditions of appellant's bond required him to report periodically to David
Flores, his pretrial services officer, abstain from using controlled substances, not commit any new
violations of law, and submit to random urinalysis for drug testing. At trial, the jury convicted
appellant of the lesser included offense of possession of cocaine.


DISCUSSION


Appellant's Statements to Pretrial Supervisory Officer

 Most of appellant's points of error complain about the trial court's rulings during
the guilt-innocence and punishment phases of trial allowing Flores to testify about statements
appellant made to him after he administered a random urinalysis and drug test. We will review
the record as it relates to appellant's various objections to the statements.

 At a suppression hearing, Flores testified that appellant reported to his office on
October 9, 1998. Flores took a urine sample from appellant and analyzed it for controlled
substances. The sample tested positive for cocaine and Flores informed appellant of the result.
Afterward, appellant denied using cocaine but admitted to cutting, transporting, and selling it
while on bond.

 Appellant argued generally, without citing any specific provisions, that admission
of his statements to Flores violated the federal and state constitutions. Appellant also contended
that because the drug test results were inadmissible at trial, the statements appellant made upon
learning about the results were also inadmissible. See Tex. Code Crim. Proc. Ann. art. 17.03(d)
(West Supp. 2000) (results of pretrial drug test performed while on bond not admissible at trial
of offense for which defendant is charged). Additionally, appellant argued that the statements
were made as a result of a custodial interrogation without proper warnings. See Tex. Code Crim.
Proc. Ann. art. 38.22, § 3 (West Supp. 2000). Finally, appellant urged that the statements were
inadmissible because their probative value was substantially outweighed by their prejudicial effect. 
See Tex. R. Evid. 403. At the conclusion of the hearing, the trial court overruled appellant's
motion to suppress the statements but cautioned the State to limit its questioning of Flores only
to the statements and to avoid addressing any questions to him about the test or its results.
Additionally, the trial court directed the parties that before the State questioned Flores about
appellant's statements, the court would hold a hearing out of the jury's presence to determine if
the State would be able to question Flores without going into the drug test and revealing the
results.

 As promised, the court held a hearing out of the jury's presence and heard the
State's proposed questioning of Flores about appellant's statements. At the conclusion of the
proposed testimony, appellant once again renewed his 17.03 and 38.22 objections. Additionally,
appellant objected that the State was attempting to offer the testimony as an extraneous offense. 
See Tex. R. Evid. 404(b). The trial court overruled appellant's objections and allowed Flores to
testify.

 With the jury present, the State asked Flores, "What did the Defendant say with
regards to compliance with pretrial bond conditions?" At this point, again appellant objected that
to admit as evidence statements he made to Flores would violate articles 38.22 and 17.03 of the
Code of Criminal Procedure, that the admissibility requirements of Rule of Evidence 404(b) had
not been met, and that the prejudicial impact of the statements outweighed their probative value. 
See Tex. R. Evid. 403. The trial court performed the weighing process required by Rule 403 and
overruled appellant's objections. The State then questioned Flores.


[State]: What did [appellant] say?


[Flores]: [Appellant] stated that at that time he needed to tell me something. At
that time, my supervisor was walking by and I did call him into the office. 
[Appellant] stated that he had been--he had extensive contact with cocaine in the
process of cutting it. He said that he had been selling cocaine--and mentioned crack
cocaine--in Killeen. We asked specifically where. He also stated that he had been
transporting the cocaine, at times under his tongue and, at others, in his rectum.


[State]: Did he say when this had occurred?


[Flores]: He said the last time he had--as far as the cutting was concerned, the last
time occurred was two days prior to his office visit. 


[State]: And the sales and such, did he indicate that that had occurred while he
was on supervision?


[Flores]: Yes, sir.


[State]: Did he indicate anything about--when he said he had been selling
cocaine--as to whether he had done it before?


[Flores]: He said--at that time, there's an issue because he was not employed and
he was--he had been current with his payments, so we were talking about that. He
said that he would get money because he was selling cocaine again.


[State]: After the interview was over and you had that conversation with the
Defendant, was he allowed to leave your office at the Pretrial Services agency?


[Flores]: Yes, sir.



Preservation of Error

 To preserve error for appellate review, a defendant must make a timely, specific
objection and obtain a ruling from the trial court. See Tex. R. App. P. 33.1(a). A point of error
on appeal must comport with an objection raised at trial. See Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990). We begin our analysis by noting that several of appellant's points
of error were not preserved for appellate review.

 In four points of error, appellant complains that the pretrial drug testing by
urinalysis was unlawful and violated article I, section 19 of the state constitution as well as the
Fourteenth Amendment of the federal constitution. Appellant did not raise these objections at
trial. Instead his objections were directed only at the statements he made after he learned the
results of the drug test. Appellant has failed to preserve points of error one, three, seventeen and
eighteen for appellate review and they are overruled.

 In five other points of error, appellant contends that his statements to Flores were
involuntary due to coercion and therefore were improperly admitted as evidence. Additionally,
appellant contends that the involuntary character of his statements violated his state and federal
constitutional rights to remain silent and right to counsel. Appellant did not raise these objections
at trial and consequently he has failed to preserve these points for appellate review. Points of
error thirteen, fourteen, fifteen, sixteen and twenty-three are overruled.


Code of Criminal Procedure Article 17.03

 In points of error two and four, appellant contends that the trial court erred by
allowing Flores to testify about the statements appellant made to him after the drug test was
administered because the statements were the results of a pretrial drug test and therefore, pursuant
to article 17.03(d), were inadmissible. (1)

 Article 17.03(d) provides that the State may not use the results of any test
conducted as a condition of pretrial bond in any criminal proceeding arising out of the offense for
which the defendant is charged. See Tex. Code Crim. Proc. Ann. art. 17.03(d) (West Supp.
2000). The State responds that appellant's statements were admissible because the results referred
to in article 17.03(d) are only the test results showing that the drug test was positive or negative
for controlled substances.

 Although the code of criminal procedure does not define the term "test results,"
in the context of analyzing urine samples it has been uniformly interpreted to refer only to the
determination of whether drugs are present and, if so, in what quantity. See Greenwood v. State,
948 S.W.2d 542, 552 (Tex. App.--Fort Worth 1997, no pet.); Philpot v. State, 897 S.W.2d 848,
851-52 (Tex. App.--Dallas 1995, pet. ref'd); Montoya v. State, 832 S.W.2d 138, 140-41 (Tex.
App.--Fort Worth 1992, no pet.). During the State's direct examination of Flores, neither the
prosecutor nor Flores mentioned the drug test or the results. We hold that the drug test results
referred to in article 17.03 do not include appellant's statements to Flores about his cocaine
activities while on bond. Points of error two and four are overruled.


Code of Criminal Procedure Article 38.22

 In points of error nine through twelve and twenty-one and twenty-two, appellant
contends that the trial court erred by allowing Flores to testify about statements appellant made
to him because they were improperly obtained during a custodial interrogation in violation of
Texas Code of Criminal Procedure article 38.22. See Tex. Code Crim. Proc. Ann. art. 38.22
(West 1979 & Supp. 2000). In the alternative, appellant suggests that allowing Flores to testify
about the statements violated appellant's rights to remain silent and his right to counsel as
guaranteed by the state and federal constitutions.

 Article 38.22 sets out certain requirements for admitting an accused's oral
statements when those statements are made as a result of custodial interrogation. It does not
preclude admission of a statement that does not stem from custodial interrogation. See id. at art.
38.22, § 5. Custodial interrogation has been defined as "questioning initiated by law enforcement
officers after a person has been taken into custody or otherwise deprived of his freedom of action
in any significant way." See Miranda v. Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed.
2d 694 (1966). A person is in custody for purposes of article 38.22 if, "under the circumstances,
a reasonable person would believe that his freedom of movement was restrained to the degree
associated with a formal arrest." See Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App.
1996). The reasonable-person standard presupposes an innocent person. Id. Under this standard,
the subjective intent of law enforcement officials to arrest is irrelevant unless that intent is
somehow communicated or otherwise manifested to the suspect. Id.

 Whether a person is in custody in a given situation is to be determined on an ad hoc
basis after considering all the objective circumstances. See id. at 255. The court of criminal
appeals has outlined four general situations which may constitute custody for purposes of article
38.22: (1) when a suspect is physically deprived of his freedom of action in any significant way;
(2) when a law enforcement officer tells a suspect he cannot leave; (3) when law enforcement
officers create a situation that would lead a reasonable person to believe his freedom of movement
has been significantly restricted; and (4) when probable cause to arrest exists and law enforcement
officers do not tell the suspect he is free to leave. Id. (citing Shiflet v. State, 732 S.W.2d 622,
629 (Tex. Crim. App. 1985)).

 After reviewing the record, we hold that appellant was not in custody at the time
he gave his statements. Appellant voluntarily appeared at the pretrial services center; he was free
to leave. Flores was not authorized to make an arrest nor did he have any intention to do so. 
Although appellant admitted to dealing cocaine while on bond, he was nevertheless allowed to
leave the pretrial services office. Appellant's statements to Flores were noncustodial and article
38.22 does not apply to these facts. Points of error nine through twelve, twenty-one and twenty-two are overruled.


Extraneous Acts

 In point of error five, appellant contends that the trial court erred during the
punishment phase by allowing as evidence Flores's testimony regarding appellant's extraneous acts
involving cocaine committed while he was on bond because the evidence was legally insufficient
to prove the acts beyond a reasonable doubt.

 At the punishment phase of trial, the State offered the evidence admitted during the
guilt-innocence phase of trial, including Flores's testimony that appellant said that he had recently
been selling and transporting cocaine. Appellant once again objected, arguing that the State had
not shown beyond a reasonable doubt that appellant had committed the extraneous acts referred
to in Flores's testimony. Appellant argued that his oral confession alone was not sufficient to
prove the extraneous acts beyond a reasonable doubt. Appellant argued that without corroborating
evidence to support his confession the State had not proved the extraneous acts beyond a
reasonable doubt. Appellant asked the court to instruct the jury to disregard the portion of
evidence from the guilt-innocence phase relating to appellant's admission to selling and
transporting cocaine while on bond. The trial court overruled appellant's objection.

 Evidence of extraneous acts is admissible during the punishment phase to the extent
the trial court deems it relevant to sentencing. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(West Supp. 2000). If the State offers such evidence, it must prove the extraneous acts beyond
a reasonable doubt. Id. The jury, as the exclusive judge of the facts, is to determine whether the
State proved the extraneous acts beyond a reasonable doubt. See Padron v. State, 988 S.W.2d
344, 346 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (defendant's extrajudicial admission alone
without corroborating evidence sufficient at punishment phase for jury to find extraneous act
beyond a reasonable doubt). 

 At the punishment phase, appellant's admission to Flores that he sold and
transported cocaine while on bond was not offered to indicate his guilt to the charged offense. 
The State, therefore, was not required to corroborate appellant's extrajudicial admission, but was
only required to prove the extraneous offenses beyond a reasonable doubt. Id. It was reasonable
for the jury to conclude that, based on appellant's admission to Flores, appellant committed the
extraneous acts.

 Even if the extraneous acts were not proved beyond a reasonable doubt we cannot
say that appellant was harmed by the evidence at the punishment phase. The maximum
punishment for possession of cocaine in an amount less than 200 grams, a second degree felony,
is twenty years in prison and a fine not to exceed $10,000. See Tex. Health & Safety Code Ann.
§ 481.115(d) (West Supp. 2000). The jury assessed punishment at fourteen years in prison
without a fine. Point of error five is overruled.


Jury Argument At Guilt-Innocence Phase

 In point of error six, appellant complains that the State improperly commented on
appellant's failure to call witnesses during its closing argument. Appellant contends that the State
improperly shifted its burden of proof to appellant. (2)

 During the evidentiary portion of the guilt-innocence phase, Sergeant Bonnet had
identified Pamela Wiseman as a passenger in the car driven by appellant. In appellant's closing
argument, he raised the issue, 


Do we know anything about Pamela Wiseman? They have her ID. They have her
information. Either they could not find her and didn't put her on or they can't find
her. Well, if they could find her and didn't put her on, what does that tell you?



In response the State argued,

And a few comments about certain witnesses that were mentioned by the defense
time and time again. Pamela Wiseman. If you think to yourself of the parties in
this case, which one of them had most likely the best relationship with those
witnesses and best ability to bring them into the courtroom? And think to yourself,
given that's the case, they still weren't brought in. And think to yourself, why
were they not brought in? Well, the clear inference is perhaps--I'm saying just
perhaps here--that party knew what they were going to say and chose not to bring
them in. And, again, think to yourself, between the defense and the State, who
was the most likely to have an opportunity to find those people and bring them into
the courtroom?"



Appellant objected to these comments as an attempt to shift the burden of proof to appellant. The
trial court overruled appellant's objection but nevertheless instructed the jury that "the burden of
proof lies not with the defendant but with the State, and that burden never shifts during the
process of trial."

 The proper areas of jury argument include: (1) summation of evidence presented
at trial; (2) reasonable deductions from the evidence; (3) answers to argument of opposing
counsel; and (4) a plea for law enforcement. Scott v. State, 867 S.W.2d 148, 152 (Tex.
App.--Austin 1993, no pet.) (citing Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App.
1988)). Challenges to jury argument should be considered in the context in which they appear. 
Id. Counsel is allowed wide latitude without limitation in drawing inferences from the evidence
as long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. Id.

 Here the State responded to appellant's closing argument and drew a reasonable
inference that appellant probably knew Wiseman well since she was a passenger in the car he was
driving in the very early morning hours. A permissible area of jury argument is to respond to
arguments made by opposing counsel. Scott, 867 S.W.2d at 152. Counsel is also allowed to
make reasonable deductions and inferences from the evidence. The failure to produce available
evidence justifies an inference that it would be unfavorable to the defendant. Id. We conclude
that there was no error as a result of this portion of the State's closing argument.

 Even if there was error, it was cured by the trial court's oral instruction to the jury
that the burden of proof belonged to the State and that it never shifts during trial to the defendant
as well as the charge requiring the State to prove the offense beyond a reasonable doubt. Point
of error six is overruled.


Jury Argument at Punishment Phase

 In points of error seven, eight, and twenty, appellant complains that during the
State's closing argument in the punishment phase of trial it improperly commented on appellant's
failure to testify. (3)

 During the rebuttal portion of the State's closing argument at punishment, the State
made the following comments: 


[Appellant has] committed a lifetime of crimes in a very short period of time. 
Now, this is not a life case. The maximum is 20 [years]. It's not going to be the
end of his life if he gets 20 years in prison. It's not going to be any surprise or
shock to him. Again, you have to--.

At this point, appellant objected that these remarks were an improper comment on his decision
not to testify. The trial court sustained appellant's objection and instructed the jury not to
consider the comments. Appellant then moved for a mistrial which the trial court overruled. In
these points of error, appellant contends that the trial court should have granted his motion for
mistrial. To determine whether remarks by the State were impermissible comments on
appellant's failure to testify, the test is whether the language used was manifestly intended as such
or was of such a character that the jury would naturally and necessarily have considered them
comments on the defendant's failure to testify. See Nations v. State, 894 S.W.2d 480, 486 (Tex.
App.--Austin 1995), rev'd on other grounds, 930 S.W.2d 98 (Tex. Crim. App. 1996). The State
argues that the remarks at issue were not ones that the jury would necessarily have considered a
comment on appellant's failure to testify. The State insists that the point of its remarks was that,
when a person engages in an activity he knows is illegal and punishable by prison time, the person
expects to be punished if caught and that this expectation will be fulfilled if the criminal justice
system is to function properly. We hold that taken in context, the State's remarks were not
necessarily comments on appellant's failure to testify. Scott, 867 S.W.2d at 152 (citing Gaddis,
753 S.W.2d at 398).

 Assuming the State's remarks constituted improper jury argument, they did not
have a substantial and injurious effect or influence in determining the jury's verdict on punishment
given the trial court's instruction to the jury to disregard the State's remarks. Points of error
seven, eight and twenty are overruled.

CONCLUSION


 We affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 2, 2000

Do Not Publish

1.   Appellant also contends that the admission of these statements violated article I, section 19
of the state constitution. Appellant did not raise this complaint at trial and consequently has failed
to preserve the argument for appellate review. The portions of points two and four raising state
constitutional complaints are overruled.
2.   In point of error nineteen, appellant contends that the State's improper comment on his
failure to call witnesses denied him due process of law under the Fifth and Fourteenth
Amendments to the federal constitution. Appellant did not assert these federal constitutional
violations at trial. He has, consequently, failed to preserve these complaints for appellate review. 
Point of error nineteen is overruled.
3.   Additionally, appellant complains in these points that the State's comments violated his
rights under article 1 sections 10 and 19 of the state constitution and the Fifth Amendment to the
federal constitution. Appellant did not assert these constitutional violations at trial and
consequently has not preserved them for appellate review. The portions of points of error seven,
eight and twenty raising state and federal constitutional complaints are overruled.


ould be unfavorable to the defendant. Id. We conclude
that there was no error as a result of this portion of the State's closing argument.

 Even if there was error, it was cured by the trial court's oral instruction to the jury
that the burden of proof belonged to the State and that it never shifts during trial to the defendant
as well as the charge requiring the State to prove the offense beyond a reasonable doubt. Point
of error six is overruled.


Jury Argument at Punishment Phase

 In points of error seven, eight, and twenty, appellant complains that during the
State's closing argument in the punishment phase of trial it improperly commented on appellant's
failure to testify. (3)

 During the rebuttal portion of the State's closing argument at punishment, the State
made the following comments: 


[Appellant has] committed a lifetime of crimes in a very short period of time. 
Now, this is not a life case. The maximum is 20 [years]. It's not going to be the
end of his life if he gets 20 years in prison. It's not going to be any surprise or
shock to him. Again, you have to--.

At this point, appellant objected that these remarks were an improper comment on his decision
not to testify. The trial court sustained appellant's objection and instructed the jury not to
consider the comments. Appellant then moved for a mistrial which the trial court overruled. In
these points of error, appellant contends that the trial court should have granted his motion for
mistrial. To determine whether remarks by the State were impermissible comments on
appellant's failure to testify, the test is whether the language used was manifestly intended as such
or was of such a character that the jury would naturally and necessarily have considered them
comments on the defendant's failure to testify. See Nations v. State, 894 S.W.2d 480, 486 (Tex.
App.--Austin 1995), rev'd on other grounds, 930 S.W.2d 98 (Tex. Crim. App. 1996). The State
argues that the r