NO. 07-01-0231-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 5, 2002

_____


HENRY C. MANN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-436193; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Henry C. Mann appeals from his conviction of unlawful restraint with a finding that he recklessly exposed the victim to a substantial risk of serious bodily injury and the resulting jury-assessed punishment, enhanced by two prior felony convictions, of 40 years confinement in the Institutional Division of the Department of Criminal Justice. In four issues, appellant argues that the State was allowed to mischaracterize him in

violation of the United States and Texas Constitutions and the trial court allowed improper prosecutor remarks intended to remind the jury of his failure to testify on his own behalf in violation of the United States and Texas Constitutions. For the reasons explicated, we affirm the judgment of the trial court.

On October 22, 2000, the complainant, Coretta Bailey, who had previously been involved in a romantic relationship with appellant, was sitting in a car outside her home with a friend. Appellant drove by several times and then forcibly removed her from the car while allegedly displaying a knife. He struck her several times with his hands and forced her into his vehicle. Appellant then drove her to his residence where he physically assaulted her again. Eventually, Coretta kicked appellant in the groin, escaped, and ran home to call the police.

In his first two issues, appellant complains of several comments made by the State during trial to his having "kidnaped" Coretta.[1] In the first instance pointed out by appellant, the testimony was as follows:

\* \* \*

Q. Did you have any problems with that tooth that fell out before Mr. Mann kidnapped you?

A. Not that particular tooth.

Q. Do you have a loose tooth?

---

[1] The jury was charged on the offenses of aggravated kidnapping and kidnapping.

A. Yes, I do.

Q. Where is that?

A. Right here.

Q. Could you show me?

A. (Witness indicating.)

Q. Way back there in the back?

A. Uh-huh.

Q. Did you have a problem with this tooth that fell out before he kidnapped and assaulted you?

A. No.

Mr. MCDONALD: Objection; that is an improper characterization.

THE COURT: Repeat the question.

Q. (By Ms. Cox:) Had you had any problems with that tooth before the assault, Ms. Bailey?

A. No. The tooth on both sides of my mouth is what I had problems with.

*   *   *

Sometime later, the following question was posed:

Q. Okay. And it was about 12:30 when the police got the call. Did you do anything in between the time when Mr. Mann kidnapped you, from the moment you were back at your house?

MR. MCDONALD: Objection; that is an improper characterization.

THE COURT: Sustained.

3

Sometime after that exchange, the prosecution again asked, "[i]s that the man that you have identified, who assaulted and kidnapped you on the night of October 22nd"? No objection was made to that question.

Appellant concedes that this type of error is generally waived by the failure to object, but argues that when the prosecution failed to heed the warning of the court, he was put in the position of having to determine if continued objections would have only served to preserve the detrimental effects in the mind of the jury. He also alleges that we should find "the repetitive attempts by the prosecution to make testimonial statements in the form of questions after conduct which indicates the State's knowledge of the inappropriateness of the conduct, as well as sustained objections by the trial court," violates his Sixth Amendment right to cross-examine and confront the witnesses.

Asking an improper question may generally be cured by withdrawal of the question or an instruction to disregard, unless it is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the jurors' minds. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000); *Griffith v. State*, 976 S.W.2d 241, 252 (Tex.App.--Amarillo 1998, pet. ref'd). However, to preserve error, an objection must be made each time the improper question occurs, and when the same evidence comes in elsewhere without objection, nothing is preserved for appellate review. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App. 1984). Furthermore, the failure to request further

relief, such as an instruction to disregard after the objection is sustained, waives the objection. *Henderson v. State,* 617 S.W.2d 697, 698 (Tex.Crim.App. 1981); *Mills v. State*, 747 S.W.2d 818, 821-22 (Tex.App.--Dallas 1987, no pet.).

Prior to any questions having been asked by the State in which a reference to "kidnaping" occurred, one of the witnesses, a police officer, made the following statement without objection: ". . . And given that, I felt it was necessary to stay with her, because if I was to just go running and looking for him, that would leave her open, and if I could not find Mr. Mann, he could have come around the corner, when I was gone, and either assaulted her again or kidnapped her again." After this incident, and prior to the instances cited by appellant, the State asked the same witness, "[a]nd you were able to determine, weren't you, Officer, – were you able to determine where the assault or the kidnapping took place"? That question was also asked without objection. Later, the State asked Coretta the following question without objection: "[a]nd at that time, two days after this assault took place and this kidnapping, did you give a statement, and they also took pictures of you, correct"? Thus, the allegedly improper reference had already been used once by a witness and at least twice by the State prior to appellant's first objection.

Once the specific statements complained of by appellant had finally been made and two objections sustained, the same allegedly improper reference was made again without objection. Thus, appellant failed to timely object and to object every time the alleged error

5

occurred. Further, when he did object, he did not request an instruction to the jury to disregard or move for a mistrial. Therefore, nothing is preserved for review.

Although appellant argues that if he had continued to object once his two objections had been sustained, he would merely have emphasized the remark to the jury and only points to one additional instance in which the reference was made. While the failure to object a third time may have been a tactical decision on the part of trial counsel which would not constitute ineffective assistance of counsel, as appellant contends, that fact, even if true, does not mean that error is not waived by the failure to object.

We also note that appellant's objection on appeal was to a violation of his Sixth Amendment right to cross-examination, but his objection at trial was to a mischaracterization. Generally, the objection raised at trial must comport with the objection raised on appeal or it is waived. *See Wood v. State*, 18 S.W.3d 642, 646, n.2 (Tex.Crim.App. 2000). Finally, we note that appellant was not convicted of either aggravated kidnapping or kidnapping, and therefore the references could not have influenced the jury's verdict. Appellant's first two issues are overruled.

In his third and fourth issues, appellant asserts the trial court erred by allowing an improper remark by the prosecutor that reminded the jury of his failure to testify on his own behalf in violation of the United States and Texas Constitutions. The allegedly improper remark occurred during closing argument in the guilt-innocence phase of the trial when the State said:

6

\*    \*    \*

He took her when he had a knife. We don't know what happened to that knife. Do you know who does? This man knows what happened to the knife, and he is the only one.

\*    \*    \*

Appellant claims the statement was calculated to prejudice the jury by commenting on his silence because it inferred that his refusal to testify was the reason the knife had not been found. No objection was made to the remark.

A comment on a defendant's failure to testify violates both federal and state constitutional law as well as Texas statutory law. U.S. Const. amend. V; Tex. Const. art. 1, § 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979); *see also Bustamante v. State*, 48 S.W.3d 761, 764 (Tex.Crim.App. 2001). The offending language must be viewed from the jury's standpoint and the implication that the comment was referring to the defendant's failure to testify must be clear. The test is whether the language was manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the failure to testify. *Bustamante,* 48 S.W.3d at 765; *Shelton v. State*, 10 S.W.3d 689, 698 (Tex.App.--Amarillo 1999, no pet.).

However, a claim that the State improperly commented during closing argument on the defendant's failure to testify must be preserved by a timely and specific objection. *Garcia v. State*, 887 S.W.2d 862, 877 (Tex.Crim.App. 1994), *cert. denied,* 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995); *Saldivar v. State,* 980 S.W.2d 475, 502

7

(Tex.App.--Houston [14th Dist.] 1998, pet. ref'd); *Nations v. State,* 894 S.W.2d 480, 487 (Tex.App.--Austin 1995), *vacated on other grounds,* 930 S.W.2d 98 (Tex.Crim.App. 1996); *but see Campbell v. State*, 900 S.W.2d 763, 768-69 (Tex.App.--Waco 1995, no pet.) (finding the error was not waived because it was a direct violation of article 38.08 of the Code of Criminal Procedure). No objection was made by appellant to the challenged argument and, therefore, he failed to preserve error.

Moreover, even if the remark was improper, it is subject to a harmless error analysis. *Washington v. State,* 881 S.W.2d 187, 191-92 (Tex.App.--Houston [1st Dist.] 1994, no pet.); *Hough v. State*, 828 S.W.2d 97, 100 (Tex.App.--Beaumont 1992, pet. ref'd). Generally, if the remark calls attention to the absence of evidence which only the defendant can supply, it will result in reversal. *Patrick v. State*, 906 S.W.2d 481, 491 (Tex.Crim.App. 1995), *cert. denied,* 517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). However, in this instance, it cannot be said that the remark necessarily called the jury's attention to the absence of evidence which only appellant could provide. While Coretta testified that when appellant pulled her from her friend's vehicle he had a little knife in his hand, her friend testified he did not see one. Therefore, there was evidence from a source other than appellant from which the jury could have believed that a knife did not exist.

It also cannot be said that the remark contributed to appellant's conviction or punishment. Appellant was not convicted of kidnapping or aggravated kidnapping, which

required a finding that he used or threatened to use deadly force for which the existence of a knife would have been probative evidence. He was convicted of unlawful restraint with a finding that he recklessly exposed the victim to a substantial risk of serious bodily injury. *See* Tex. Pen. Code Ann. § 20.02(a) and (c)(2)(A) (Vernon Supp. 2002). There was testimony from Coretta's friend that appellant threw Coretta against the witness's car, which caused a dent in the vehicle and by physical force appellant got Coretta in his own vehicle. Coretta herself testified that appellant hit her in the face and on her head once she was in his vehicle. At one point, when she tried to run away, he hit her in the stomach very hard. He then hit her on the head and face again, and her head hit a brick wall. Once he got Coretta into his bedroom, he struck her again on the back of her head and the upper part of her body. Therefore, there was evidence that appellant recklessly exposed Coretta to a substantial risk of serious bodily injury by throwing her against a vehicle hard enough to dent it, by hitting her in the stomach, by striking her on the head, and by hitting her head against a brick wall.

Furthermore, because of two prior convictions, the range of punishment for the offense was 25 years to 99 years or life in the penitentiary. There was also evidence at the punishment hearing of nine prior judgments and convictions against appellant. The punishment actually assessed by the jury was 40 years confinement, which is not at the upper end of the punishment range. We therefore do not believe that the remark of the prosecutor constitutes reversible error. Appellant's third and fourth issues are overruled.

9

In summary, having found no reversible error, the judgment of the trial court is affirmed.


John T. Boyd
Chief Justice

Do not publish.