

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00206-CR

EDUARDO ESPINOZA — APPELLANT

V.

THE STATE OF TEXAS — STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1267998R

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Eduardo Espinoza of two counts of aggravated sexual assault of a child under fourteen years of age and sentenced him to confinement for life. In a motion for new trial, Espinoza argued that prosecutorial and judicial misconduct during trial had resulted in a violation of his constitutional

----------

[1]*See* Tex. R. App. P. 47.4.

rights. The Honorable Judge Ruben Gonzalez Jr. was assigned to hear the motion and denied it after a hearing.

In a single point, Espinoza argues that the trial court abused its discretion by denying his motion for new trial because his constitutional rights were violated when Eunice Romero, his girlfriend and the complainant's aunt, was prevented from testifying after the prosecutor threatened her with charges of perjury and witness tampering and the trial judge admonished her regarding the possibility of these charges before appointing counsel for her.

At the opening of the second day of trial, the following exchange took place between the trial court and Romero outside the presence of the jury:

> THE COURT: I was just informed – what's your name?
>
> MS. ROMERO: Eunice Romero.
>
> THE COURT: I'm sorry?
>
> MS. ROMERO: Eunice Romero.
>
> THE COURT: Eunice Romero? I was just informed by the lawyer for Mr. Espinoza that you want to testify about some allegations that could have occurred concerning a father of this injured party; is that correct?
>
> MS. ROMERO: Yes, sir.
>
> THE COURT: And it's my understanding that you haven't talked to the police about this or anybody else—
>
> MS. ROMERO: No, sir.
>
> THE COURT: - in authority other than the lawyer for Mr. Espinoza; is that correct?

MS. ROMERO:  Yes, sir.

THE COURT:  You're also the girlfriend of Mr. Espinoza?

MS. ROMERO:  Yes.

THE COURT:  All right.  Now-

[DEFENSE COUNSEL]:  And she's also the cousin of the father.

THE COURT:  And you're the cousin of the father?

MS. ROMERO:  Yes, sir.

THE COURT:  I haven't decided whether or not that's relevant, and I'm not going to ask you any questions about that because there are consequences that can occur, because if you're not telling the truth, the State can file perjury charges against you.

MS. ROMERO:  Yes, sir.

THE COURT:  Do you understand that?

MS. ROMERO:  Uh-huh.

THE COURT:  They can also charge you with witness tampering if you were talking to some of the witnesses about this who are involved in this case.  So it can become very serious and I want you to understand that.  Before I decide whether or not it's relevant, I am going to ask you—I think that you need a lawyer.

MS. ROMERO:  Okay.

THE COURT:  Because if something criminal comes out of this, you need to know what your rights are.  Do you understand?

MS. ROMERO:  Uh-huh.

THE COURT:  Now, I know this lady is a lawyer and she talked with you—

3

MS. ROMERO:  Yes.

THE COURT:  —but she doesn't represent you.

MS. ROMERO:  Right.

THE COURT:  She represents Mr. Espinoza.  So you need somebody who is going to represent you if, in fact, this is going to take place.  Can you hire a lawyer?  Do you have any money to hire a lawyer?

MS. ROMERO:  No.

THE COURT:  All right.  Do you want me to appoint you a lawyer on this?

MS. ROMERO:  Yes.

THE COURT:  So he can talk with you?

MS. ROMERO:  Yes.

THE COURT:  Okay.  Then I'll do that. I want you to remain over there.  Don't talk to anybody else about this until I get some lawyer to talk with you about it.  Okay?

MS. ROMERO:  Okay.

THE COURT:  Okay.  Have a seat.

Espinoza did not object during or after the trial court's discussion with Romero, nor did he raise a complaint regarding the prosecutor's conduct towards Romero at any point during the trial.  Instead, after testifying on his own behalf, Espinoza rested his case without calling the trial court's attention back to Romero and raised the issue for the first time in his motion for new trial.

Although the trial court has the discretion to grant a motion for new trial on an unpreserved error raised in a post-trial motion, if the trial court denies the

4

motion for new trial, "the defendant, as the losing party, must have preserved that same error before he may claim it as a basis for reversing the trial judge once he moves into the appellate court." *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007); *see Canales v. State*, 98 S.W.3d 690, 699 (Tex. Crim. App. 2003) (holding appellant failed to preserve complaint that prosecutor read letter to jury with unfairly prejudicial inflection when appellant made no objection while letter was being read), *cert. denied*, 540 U.S. 1051 (2003); *Cavazos v. State*, 904 S.W.2d 744, 748 (Tex. App.—Corpus Christi 1995, pet. ref'd) (holding appellant did not preserve complaint that trial court intimidated witness when appellant failed to object at trial on that ground). Accordingly, we overrule Espinoza's sole point as unpreserved and affirm the trial court's judgment.[2] *See id.*; *see also* Tex. R. App. 33.1(a)(1).

---

[2]While Espinoza attempts to sidestep the preservation requirements by arguing that the trial court abused its discretion by denying his motion for new trial—as opposed to directly attacking the alleged misconduct and its effect on his constitutional rights—the court of criminal appeals clarified in *Herndon* that a trial court does not abuse its discretion when it denies a motion for new trial based on failure to preserve error. *See* 215 S.W.3d at 911 n.39. Here, Judge Gonzalez expressly noted that "if the lawyer believes that a witness is being precluded from testifying by [coercion], threats, [or] force or fraud, there are remedies available by making objections, making a proffer, [or] calling the witness outside the presence of the jury. And from the record, none of that was attempted."

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

Livingston, C.J., concurs without opinion.

Walker, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 18, 2014